# YANKWITT & McGUIRE, LLP

140 Grand Street · Suite 501
White Plains, New York 10601
Tel: (914) 686-1500 · Fax: (914) 801-5930

RECEIVED
U.S.D.C
WP

Russell M. Yankwitt
russell@yankwitt.com

December 29, 2011

**By Hand Delivery**

Hon. Cathy Seibel
United States District Judge
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

    Re:    *One Point Street, Inc. v. Freeport-McMoran Corp., et al.*, 11 Civ. 6315 (CS)

Dear Judge Seibel:

    We represent Blackacre Partners OPS, LLC and its members, Debra Rothberg and Paul Adler (collectively, the "Blackacre Defendants"). Pursuant to Your Honor's Individual Rules, we write to set forth the basis of our proposed motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff One Point Street, Inc.'s ("OPS") claim under § 107 of the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. § 9607(a)(4) ("CERCLA").

    The Complaint asserts various state and common law causes of action and one federal claim under CERCLA § 107. The sole federal claim seeks (a) to hold all Defendants strictly liable for "investigation, cleanup, remediation, removal, containment and long term maintenance of the Contamination," and (b) a declaratory judgment that all Defendants are responsible for future response costs should they fail to comply with the remediation requirements for the subject property.

    As set forth below, the Complaint fails to state a claim under CERCLA § 107 because Plaintiff has not incurred "response costs," *i.e.*, *necessary* costs of responding to a release or threatened release of contaminates at the subject property, a prerequisite to initiating a CERCLA claim. Further, because § 107 is the only federal cause of action asserted in the Complaint, upon dismissal of that claim, the Court should decline to exercise supplemental jurisdiction over the remaining state law causes of action and dismiss the Complaint in its entirety.

Re: *One Point Street, Inc. v. Freeport-McMoran Corp.*, No. 11 Civ. 6315 (CS)
December 29, 2011

Factual Contentions

According to the facts in the Complaint, which are taken as true only for purposes of the intended motion, Plaintiff acquired the stock of OPS in July 2010, and now holds Title to 1 Point Street in the City of Yonkers (the "Property"). In 1999, the New York State Department of Environmental Conservation ("NYSDEC") listed the Property on the Registry of Inactive Hazardous Waste Disposal Sites as a "Class 2" site due to PCB and lead contamination allegedly resulting from manufacturing operations of defendants BICC Cables Corp. ("BICC") and Freeport-McMoran Corp. ("FMC"). OPS purchased the Property from BICC in December 2004. That purchase was effectuated through a series of agreements, including a Liability Transfer Agreement in which BICC and FMC "agreed to pay for the Remediation Costs incurred by Blackacre or their agents in effectuating the Remediation through to project completion." Blackacre accepted all liability and responsibility of FMC, BICC and OPS to implement the Remediation of the Contamination at the Site and was vested with "exclusive control of the implementation of the Remediation."[1]

CERCLA § 107

Section 107 provides that certain enumerated parties "shall be liable for ... all costs of removal or remedial action [and] . . . any other necessary costs of response[2] incurred by any other person consistent with the national contingency plan . . . ." To withstand a motion to dismiss its CERCLA claim, Plaintiff must sufficiently allege all five of the following elements: (1) defendants fit one of four classes of responsible parties as set forth in § 107(a), (2) the Site is a facility, (3) there is a release or threatened release of hazardous substances at the facility, (4) Plaintiff incurred costs responding to the release or threatened release, and (5) the costs and response actions conform to the National Contingency Plan. *B.F. Goodrich Co. v. Murtha*, 958 F.2d 1192, 1198 (2d Cir. 1992). Here, Plaintiffs' claim must fail because, *inter alia*, it has not incurred *any necessary response* costs, and thus has no standing to pursue a CERCLA claim.

The Supreme Court, relying on defined terms, *removal* and *remedial action* in CERCLA as "directed at containing and cleaning up hazardous releases," has held that "response costs" under CERCLA are limited to "necessary costs of response." *US v. Atlantic Research Corp.*, 551, U.S. 128, 139 (2007). CERCLA recoverable costs incurred by a private party must be "necessary to the containment and cleanup of hazardous releases," and do not include expenses incurred solely in preparation for litigation unless they "significantly benefited the entire cleanup effort and served a statutory purpose apart from the reallocation of costs." *Key Tronic Corp. v. U.S.*, 511 U.S. 809, 820 n. 14 (1994); *see also Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 92 (2d Cir. 2000); *Calabrese v. McHugh*, 170 F. Supp.2d 243, 267 (D. Conn. 2001).

---

[1] Blackacre's liability at LTA § 2.2 "is expressly limited to the coverage and capped in the amounts of the available limits of liability of the Policies [of insurance]."

[2] CERCLA defines "response" as "remove, removal, remedy, and remedial action," and provides lengthy definitions for what constitutes "remove or removal" and "remedy or remedial action" 42 U.S.C. § 9601(23), (24). CERCLA does not define "necessary," a term left to interpretation by the courts.

Re: *One Point Street, Inc. v. Freeport-McMoran Corp.*, No. 11 Civ. 6315 (CS)
December 29, 2011

In an analogous case, the Third Circuit held that where a party incurs costs and fees paid to consultants for work "designed to assess, for potential or actual litigation purposes, the extent of [another party]'s remediation efforts and its progress" or to simply monitor, for their own benefit, cleanup efforts of another party, then those costs do not relate to any remedial or response action at the Property and are not "response costs" recoverable in a private cost recovery suit pursuant to section 107(a)(4)(B) of CERCLA." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 296-297 (3d. Cir. 2000).

<u>Plaintiff Has Not Incurred Any Necessary Costs of Response</u>

The Complaint does not – and cannot – allege that it has incurred *any* necessary response costs within the meaning of CERCLA. To the contrary, Plaintiff repeatedly acknowledges that Blackacre is the exclusive remediation contractor and blithely admits that all response costs at the Property have been incurred by and through Blackacre. Indeed, the only costs incurred by this Plaintiff in relation to the Property for its development objectives, to which this litigation is merely a tool aimed at extracting from Defendants, more than its contractual arrangements otherwise afford. In short, although the NYSDEC has reviewed and approved each and every step of the remedial effort by Blackacre, Plaintiff has "independently" determined that the Remediation, in fact, does not satisfy the Record of Decision. The only costs incurred by Plaintiff are for the sole purpose of assessing, for litigation purposes, the extent of Blackacre's Remediation efforts and its progress toward completion. The recitation by Plaintiff of "unsatisfactory" progress of Blackacre is to monitor, for Plaintiff's own benefit, the cleanup efforts in relation to Plaintiff's plans for development.

Plaintiff's costs do not relate to any remedial or response action and are, as a matter of law, not a "necessary cost of response." Plaintiff, therefore, lacks standing to bring a claim under § 107. As the CERCLA claim is the sole basis for this Court's subject matter jurisdiction, upon dismissal of that claim, the Court should decline to exercise supplemental jurisdiction over the remaining causes of action and dismiss the Complaint in its entirety. *See* 28 U.S.C. § 1367; *Powell v. Gardner*, 891 F.2d 1039, 1047 (2d Cir.1989)[3]. Accordingly, the Blackacre Defendants seek to move to dismiss Plaintiff's CERCLA claim for failure to state a claim.

Respectfully submitted,
YANKWITT & McGUIRE, LLP

By: _____
Russell M. Yankwitt

cc: Linda R. Shaw, Esq. (OPS by fax)
Hilary L. Preston, Esq. (FMC and BICC by fax)

---

[3] Plaintiff's claim also fails to meet other § 107 elements. The Blackacre Defendants note that dismissal is also appropriate on the ground that Blackacre is not an "owner" or "operator." An "operator" is a person who "had authority to control the cause of the contamination at the time the hazardous substances were released into the environment." *Kaiser Aluminum & Chemical Corp. v. Catellus Develop. Corp.*, 976 F.2d 1338, 1341 (9th Cir. 1992). Indeed, several federal courts have held that remediation contractors such as Blackacre, who are brought in to clean-up contamination after it has been released, are not an "operators" within the meaning of § 107. *See, e.g., Blasland, Bouck & Lee, Inc. v. City of North Miami*, 96 F. Supp. 2d 1375 (S.D. Fla. 2000).

3